**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MELISA C. D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-25-1307-SM** |
| | ) | |
| **FRANK BISIGNANO, COMMISIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Melisa C. D.[1] (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. See 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to proceed before the undersigned for disposition. Docs. 12, 13; *see* 28 U.S.C. § 636(c).[2]

---

[1] The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law Judge (ALJ) failed to properly analyze her subjective statements. Doc. 16, at 8-16.

After careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## I. Administrative determination.

### A. Disability standard.

Plaintiff applied for disability benefits and protectively filed an application for Supplemental Security Income under the Social Security Act. AR 17; *see* 42 U.S.C. §§ 401, *et seq*., 1381, *et seq*. The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B. Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C. Relevant findings.**

**1. ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe.[3] AR 17-32; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also*

---

[3] The ALJ who conducted the telephonic hearing retired before issuing a decision, and so "the matter [was] reassigned to the Hearing Office Chief Administrative Law Judge . . . , who . . . reviewed all the evidence of record, including the audio recording of the hearing, and . . . determined that another hearing [was] not necessary." AR 17 (citing provisions of the SSA's Hearings, Appeals, and Litigation Law Manual (HALLEX)). Plaintiff does not challenge the reassignment or argue any resulting prejudice. *Cf. Lee v. Colvin*, 631 F. App'x 538, 543 (10th Cir. 2015) ("Assuming without deciding that we can grant relief for violations of HALLEX procedures, we agree with the Fifth Circuit that only prejudicial violations of HALLEX provisions entitle a claimant to relief." (footnote omitted)); *Mahboub v. Saul*, No. CV 19-1216, 2021 WL 2209888, at *7 (D.N.M. June 1, 2021) ("Even if ALJ Leppala was required to

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since September 10, 2022, the alleged onset date;

(2) has the severe impairments of disorders of the skeletal spine (including mild degenerative disc disease of the cervical spine), chronic peripheral venous insufficiency, bilateral lower extremity varicose veins, status-post left truncal venous ablation, status-post phlebectomy with adjunctive foam sclerotherapy of the left leg, right foot plantar fasciitis, right ankle mild degenerative changes at first metatarsophalangeal joint, right ankle mild degenerative changes at Lisfranc's, right ankle mild degenerative changes at Chopart's, right ankle mild degenerative changes at subtalar with inferior calcaneal spur and no calcific changes soft tissue, right lower extremity with 2.4 cm benign intraosseous lipoma of the right calcaneus and calcaneal enthesopathy, right foot sinus tarsi syndrome, status-post arthrex bone void filler operation, plantar heel spur, edema, status-post open decompression, nonviable cyst, recalcitrant, right calcaneus with excision neurolysis and neuroplasty to regional right lower extremity foot nerve, autologous ipsilateral proximal tibial Gerdy's tubercle bone harvest with backfill of cancellous chips and allograft bone morphogenic protein through cortical window, autologous bone grafting of the right calcaneal cyst with application of periarticular strut plate construct and hybrid screw formation under fluoroscopic guidance with repair of peroneus longus partial tearing, application of post-operative short leg splint (right lower extremity), fibromatosis of plantar fascia, obesity, depression, and anxiety;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

---

hold a second hearing or further explain why he didn't, Mr. Mahboub has not shown that those omissions matter here.").

(4) had the residual functional capacity[4] ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b): meaning she can understand, remember, and carry out simple and detailed tasks and instructions, but not complex tasks and instructions; she can make judgements on simple and detailed work-related decisions, but not on complex work-related decisions; has the concentration, persistence, and pace to focus for normal eight-hour workdays (with normal work breaks that occur about every two hours throughout normal eight-hour workdays) and normal forty-hour workweeks on an ongoing basis; can respond appropriately with co-workers and supervisors to learn tasks, accept criticism, and attend meetings; can interact appropriately with the public on an occasional basis; and can respond appropriately to usual work situations and to changes in a routine work setting that is simple or detailed, but not complex;

(5) has no past relevant work;

(6) was a younger individual on the date of alleged disability onset;

(7) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, stock clerk, apparel, Dictionary of Occupational Titles (DICOT) 299.677-014; maid / housekeeper, DICOT 323.687-014; assembler, DICOT 699.685-026; patcher, DICOT 723.687-101; stuffer, DICOT 731.685-014; and laminator I, DICOT 690.685-258;

(8) had not been under a disability since September 10, 2022.

AR 20-32.

---

[4] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

**2. Appeals Council's findings.**

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"). "[T]he threshold . . . is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v.*

*Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

**B. The ALJ properly evaluated Plaintiff's subjective complaints, and substantial evidence supports the physical RFC assessment.**

"[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical

facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). When the ALJ fails to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the Court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.

Here, Plaintiff challenges the ALJ's assessment of her subjective reports in formulating the RFC. A claimant's "RFC is an administrative finding of what an individual can do despite his or her limitations." *Spicer v. Barnhart*, 64 F. App'x 173, 175 (10th Cir. 2003). The "ALJ's RFC [assessment must] be based on the entire case record, including the objective medical findings and credibility of the claimant's subjective complaints." *Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009). In assessing a claimant's RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells*, 727 F.3d at 1065 (emphasis omitted); *see also* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). This assessment must be "based on all of the relevant medical and other evidence" in the record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g.,

laboratory findings) and nonmedical evidence (e.g., daily activities, observations).” SSR 96-8p, 1996 WL 374184, at *7; *see Wells*, 727 F.3d at 1065. This includes a discussion of the “nature and extent of” a claimant’s physical limitations including “sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching).” 20 C.F.R. § 404.1545(b). Further, this assessment requires the ALJ to make findings on “an individual’s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]” and to “describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.” SSR 96-8p, 1996 WL 374184, at *1, 7. The ALJ’s decision must be sufficiently articulated so that it is capable of meaningful review. *Spicer*, 64 F. App’x at 177-78.

At step four, the ALJ thoroughly reviewed the medical evidence of record, Plaintiff’s hearing testimony, and her function report. AR 24-28. The ALJ concluded that Plaintiff’s

> statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> The objective findings in this case do not support the full extent of the claimant’s allegations. While the claimant has alleged difficulty with lifting, squatting, bending, standing, reaching,

> walking, sitting, kneeling, stair-climbing, and using hands, physical examination found minimal loss of range of motion of the spine, normal range of motion of the bilateral hands, intact grip strength, normal motor strength of the upper and lower extremities, normal sensation, no cranial nerve deficit, and fair balance. Such findings are inconsistent with the claimant's allegations. While records do show the claimant to have an antalgic gait pattern with a limp, and mildly decreased strength, such findings would be accommodated by a reduction to light work, as contained in the residual functional capacity. With regard to the claimant's mental impairments, while she reported difficulty with concentration and completing tasks and severe anxiety in public, mental status examination found her to be alert, oriented, with a euthymic mood, normal behavior, clean appearance, normal speech, normal thought content, coherent associations, intact fund of knowledge, average intelligence, adequate memory, and normal judgment. Such findings are inconsistent with severe mental limitations. While the record does show the claimant received treatment for anxiety and stress, her reported symptomology would be accommodated by the mental limitations contained in the residual functional capacity. Thus, while the claimant does have some limitations, as reflected in the residual functional capacity, the evidence does not support the extent of her allegations.

*Id.* at 28 (internal citations omitted).

Here, the ALJ has fulfilled his duty by fully explaining his reasoning and linking the limitations in the RFC to the medical evidence. Moreover, Plaintiff fails to direct the Court to "substantial evidence that would allow a reasonable administrative factfinder to include any [additional] limitations in [the] RFC." *Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013) (citing *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) ("There is no reason to believe that a further analysis or weighing of [the evidence] could advance [the] claim

of disability.”)). To the extent that Plaintiff has cited observations or reports during select medical visits as “but a few examples of the consistency between the medical record and Plaintiff’s subjective allegations,” Doc. 16, at 12-14, Plaintiff asks this Court to reweigh the evidence, which it cannot do. *Lax*, 489 F.3d at 1084; *see Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (“We do not reweigh the evidence or retry the case, but we ‘meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ’s findings in order to determine if the substantiality test has been met.’”) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005)). Accordingly, Plaintiff’s argument fails.

## III. Conclusion.

Based on the above, the Court affirms the Commissioner’s decision.

**ENTERED** this 29th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE